UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYLING Y. GOMEZ FLORES, et al.,<br><br>  Petitioners,<br><br>v.<br><br>JAMES JANECKA, et al.,<br><br>  Respondents. | Case No. 5:25-cv-03558-SRM-MAR<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [10]** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Dkts. 1, 7, 8, 10. No objections have been filed. The Court accepts the findings and recommendation of the Magistrate Judge, Dkt. 10, and orders as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**, Dkt. 1;
2. Respondents their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents are **ORDERED** to immediately release Petitioners from immigration custody and to place them on the same conditions of their preexisting parole;

3. Respondents their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents are **ORDERED** to submit a declaration from a person with personal knowledge that confirms Petitioners have been released from immigration custody by March 16, 2026, at 5:00 p.m.

4. Respondents their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents are **ORDERED** to return all of Petitioners' belongings, including their identification documents; and

5. Respondents their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents are **ORDERED** not re-detain any of Petitioners without notice of the reasons for revocation of their parole and a pre-deprivation hearing before a neutral immigration judge to determine whether detention is warranted. At such a hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioners poses a danger to the community or a risk of flight. *See Martinez Hernandez v. Andrews*, No. 1:25-CV-01035, 2025 WL 2495767, at *14 (E.D. Cal. Aug. 28, 2025) (finding that the petitioner's initial release "reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk" and so if the government initiates re-detention, "it follows that the government should be required to bear the burden of providing a justification for the re-detention"); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (ordering that before the petitioner can be re-detained, she must be provided with a pre-detention bond hearing before a neutral immigration judge and that she may not be detained "unless the government demonstrates at such a bond hearing, by clear and convincing evidence, that she is a flight risk or a danger to the

community and that no conditions other than her detention would be sufficient to prevent such harms").

6. A separate judgment will be issued.

**IT IS SO ORDERED.**

Dated: March 13, 2026

_____
HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE